IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CURTIS TOWNSEL,**

                **Petitioner,**

      v.                                    CASE NO. 05-3336-RDR

**UNITED STATES OF AMERICA, et al.,**

                **Respondents.**

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2241 by a prisoner at the United States Penitentiary, Leavenworth, Kansas. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

Petitioner was convicted in 2001 in the United States District Court for the Western District of Missouri. In this action, he claims he received ineffective assistance of counsel during sentencing.

Generally, "'[a] petition under 28 U.S.C. 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A 28 U.S.C. 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.'" Haugh v.

Booker, 210 F.3d 1147, 1149 (10th Cir. 2000)(quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).  The remedy under section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. 2255."  Bradshaw, 86 F.3d at 166.  Only if the petitioner establishes that the remedy under section 2255 is "inadequate or ineffective" to test the validity of a conviction or sentence may a prisoner pursue such relief under section 2241.  Id.  "Failure to obtain relief under section 2255 does not establish that the remedy so provided is either inadequate or ineffective."  Id. (quotation omitted).

   Although the petitioner contends the remedy under section 2255 is inadequate because the time for filing such a motion has expired and because his counsel advised him that he could not challenge his sentence, the court finds this is insufficient to establish the inadequacy of that remedy.  See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir.1999)(noting that a finding that section 2255 is inadequate or ineffective has been made "only in extremely limited circumstances.")

   IT IS THEREFORE ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

   IT IS FURTHER ORDERED this matter is dismissed.

   A copy of this order shall be transmitted to the petitioner.

   **IT IS SO ORDERED.**

   DATED:  This 17th day of August, 2005, at Topeka, Kansas.

```
                    S/ Richard D. Rogers
                    RICHARD D. ROGERS
                    United States District Judge
```